JOSEPH C. BAILEY, RESPONDENT, v. THE HOMESTEAD
FIRE INSURANCE COMPANY, APPELLANT.

*Policy of insurance — warranty against future incumbrances — what not a viola-
tion of.*

This action was brought upon a policy issued by defendant, insuring, for specific
    amounts, plaintiff's dwelling-house, wood-shed, barn and certain articles of per-
    sonal property respectively.  At the end of one paragraph of the policy there
    was a provision that the company should not be liable for any loss, "if without
    written consent hereon, the property shall become incumbered in any way."
    The answer set up as a defense that this provision was violated by the recovery
    of a judgment against the plaintiff by one Ansel A. Harris.  The judgment
    was, in fact, recovered by one Sally A. Harris.
*Held*, that, as the defense was a purely technical one, it was to be technically con-
    strued, and that it was properly overruled.
(1.) Because the alleged incumbrance was improperly described.
(2.) Because the provision against incumbrances referred by its terms to the
    whole property insured; and that, as the judgment was an incumbrance upon
    only a portion of the property insured, viz., the house and barn, the warranty
    was not broken.
*Quære*, as to the true construction of the word "incumbrance" in such a provision.
*Owen* v. *The Farmers' Joint Stock Ins. Co.* (57 Barb., 518), distinguished and
    criticised.

APPEAL from a judgment in favor of the plaintiff, entered upon
a verdict, directed by the court subject to the opinion of the
court on a motion for a new trial to be made at chambers, and
from an order denying such motion.

*F. W. Hubbard*, for the appellant.

*Edwin Hicks*, for the respondent.

TALCOTT, P. J. :

This is an appeal from a judgment for the plaintiff on a verdict
rendered at the circuit in Yates county, and from an order deny-
ing a new trial on the minutes.

The action is brought to recover damages on a policy of insur-
ance against loss or damage by fire, issued by the defendant on
the 1st day of June, 1875, insuring the plaintiff on his dwelling-

house and wood-shed attached, and on his barn and wagon-house, and also on certain articles of personal property, situated in Yates county, for the space of one year, different sums being insured on each article of property specified in the policy.

The dwelling-house was destroyed by fire on the 10th day of February, 1876. The defendant, among other things, set up in defense that the policy contained a provision, in substance, that if the property insured should become incumbered in any manner, after the issuing of the policy, without the written consent of the company indorsed on the policy, the company should not be liable, and averred that the said property, after the issuing of the said policy, did become incumbered without any notice to the company, · or consent from it, to wit, that on or about the 11th of December, 1875, a judgment in the Supreme Court in this State was rendered against the plaintiff in favor of Sally A. Harris, and docketed in the office of the clerk of the county of Yates, on or about December 12, 1875, for the sum of $214. That such judgment was a lien on said property from its date, and existed at the date of the alleged loss by fire stated in the complaint, and was known to and permitted by the plaintiff, but was unknown to the defendant.

On the trial the defendant proved a judgment as alleged in the said answer, except that it was docketed on the 13th of December, 1875, and was in favor of *Asel A. Harris* instead of *Sally A. Harris*, as stated in the said answer. The policy, on production, contained in paragraph seven, a provision that "this company shall not be liable for any loss  *   *   *   *  if without written consent hereon the property shall become incumbered in any way." In the opinion written by the learned justice before whom the cause was tried, on the motion for a new trial on the minutes, he says, in regard to that condition, that "it must be construed as referring to specific liens or incumbrances on the property, created or consented to by the insured, and did not include the case of a judgment recovered against him which was equally a lien on all his property, and to be satisfied first out of his personal effects," and cites, as sustaining this view, the case of *Owen* v. *The Farmers' Joint Stock Ins. Co.* (57 Barb., 518, 523), erroneously referred to as having been decided in this department, but which was,

in fact, decided by the General Term of the seventh judicial district. The question in that case arose upon the allegation by the insurance company of an alleged false representation in the application for the insurance, and it was a case in which the agent of the insurance company had, as in this case, made out the application himself, and signed the applicant's name to it; whereas, in the case at bar, the question arises upon a provision in the policy itself, in the nature of a promissory warranty. It is doubtful whether the decision in the case referred to by the learned justice covers the present case. It is true " if the stipulation in question is held to include judgments, the requirement is that the insured shall obtain the consent of the insurance company before a judgment shall be recovered against him." Construing the provision literally, this seems to be a condition which the parties could not have had in their minds when the contract of insurance was entered into ; but, nevertheless, it seems to us that to hold that a condition against the property being " incumbered in *any way*," must be construed as relating only to specific incumbrances, by way of mortgage or special charge, would be to depart from the plain and literal meaning of the contract; but however that may be, we think the verdict may be sustained for other reasons.

The defense suggested is founded on the merest technicality. The provision is inserted in a few brief words at the close of a long paragraph relating mostly to matters entirely foreign to the particular provision relied on, and not calculated to attract the attention of the insured, but to operate as a trap to enable the company to receive its premium, but in case of loss to insure a strong probability, in many cases, of being able to interpose a technical defense, which operates as a surprise upon the party who has relied upon his policy as intended to be a fair contract of indemnity. Under the circumstances of this case, therefore, the insurance company has no right to complain if its technical defense is met by a technical answer.

That answer may, as we think, be found in the two following circumstances : 1st. The answer does not correctly describe the alleged incumbrance. It alleges a judgment in favor of Sally A. Harris ; whereas the judgment proved was in favor of Asel A. Harris. and no application to amend the answer in that particular

was made. Had the judgment been correctly described, *non constat* but the plaintiff might have been able to show that it was not an incumbrance against his property by reason of some defect in the jurisdiction of the court, that the judgment was against some other man by the same name as the plaintiff, or by some stipulation of the party exonerating the insured property from the lien of the judgment, or in some other way. But he, presumptively, came to trial prepared to meet the allegation that a judgment had been recovered against him by one Sally A. Harris, a totally different name from Asel A. Harris. But it may be possible that there has been a clerical mistake in copying the answer into the case, in the matter of the description of the judgment proved, and we therefore allude to another reason why it seems to us this technical defense cannot succeed. The provision relied upon by the defendant to defeat a recovery is, if " the property," referring to the property insured, " shall hereafter become incumbered in any way," referring by its terms to the whole property insured. Now the insurance was one-half of it upon personal property, specifically mentioned and separately insured, upon which the judgment could not be an incumbrance ; so that, literally and technically, the *casus fœderis* has not arisen—the promissory warranty has not been violated. For these reasons we think the verdict may be upheld.

Judgment affirmed.

HARDIN, J., concurred ; SMITH, J., not voting.

Judgment and order affirmed.